Ex parte Perrier, Petitioner and Respondent, and Del Rosario, Contestant and Appellant.

Appeal from the District Court of Humacao in dominion title proceedings.

No. 1005.—Decided February 25, 1914.

Dominion Title Proceedings—Citation of Fiscal and Former Owners.—Citation of the *fiscal* and of the former owners is an essential requirement in dominion title proceedings according to article 395 of the Mortgage Law.

Id.—Citation of Fiscal and Former Owners—Public Policy—Appeal.—Citation of the *fiscal* and of the former owners in dominion proceedings is a condition precedent which affects public order or public policy and even when its omission is not objected to in the lower court by the contestant the question may be raised by the appellant for the first time on appeal and the maxim *concensus tollit errorem* is not applicable.

Id.—Res Judicata—Withdrawal.—The voluntary withdrawal of a dominion proceeding does not constitute *res judicata* which prevents the bringing of another similar proceeding.

The facts are stated in the opinion.
*Mr. Juan B. Huyke* for respondent.
*Messrs. Aponte & Aponte* for appellant.
Mr. Justice Wolf delivered the opinion of the court.
This was an application made by Eugenio Perrier to the

District Court of Humacao for a dominion title. Juan del Rosario intervened and opposed the same. Judgment was rendered in favor of Eugenio Perrier for the dominion title as prayed. The assignments of error are four in number. The first relates to the failure to cite the *fiscal* and the previous owners of the property. The second refers to the action of the court in ruling that the mere execution of a deed gives the grantee the possession. The third is about the alleged failure of the respondent to prove possession, and the fourth relates to the overruling of the plea of *res adjudicata* or *retraxit*.

Section 395 of the Mortgage Law relating to acquisition of dominion title among other things provides: "The judge shall give a copy of this document to the Department of Public Prosecution, shall cite the person from whom the property was acquired or his legal representative, should he be known, and the persons who have any property rights in said property." The *fiscal* was not cited in this case nor were the previous owners, although the original order of the court provided for the same. Edicts were published for the term of 60 days in accordance with the law, citation and summons having been served only on the owners of the adjoining properties. We have frequently decided that the provisions of the law in regard to the citation of the *fiscal* and previous owners must be strictly followed. *Ex parte Pacheco,* 5 P. R. R. (2nd Ed.), 160; *Ex parte Ramírez,* 7 P. R. R., 470; *Ex parte Castro,* 7 P. R. R., 474; *Calderón et al.* v. *García,* 14 P. R. R., 407; *Sierra* v. *The Registrar of Property,* 14 P. R. R., 605; *Rivero et al.* v. *Hernández et al.,* 18 P. R. R., 1001. The citation of the *fiscal* and previous owners are conditions precedent to the obtaining of a record title. Conditions precedent must generally be strictly followed.

The respondent does not contend that the law is not mandatory, but he does assert that the appellant cannot raise this question in this court as he did not raise it in the court below, citing *Banco de Puerto Rico* v. *Estate of Font,* 14 P. R. R.,

561. The respondent maintains that as the appellant in the court below only attacked the possession of the respondent and raised the plea of *res adjudicata* he can be heard here on these questions, but not on the sufficiency of the citation. Another interested person, he says, might attack the initial proceeding but not the appellant who has waived such right by appearing and answering.

Appellant was properly before the district court and he has duly appealed to this court. Hence we think it was his right to draw the attention of the court to any failure of the petitioner in his attempt to obtain a dominion title. If the certificate of the judgment of the district court, decreeing the dominion title, had been presented to the registrar he would have been justified in refusing to record the same. The court below should have refused to render its judgment until the prerequisites of summons or citation had been performed, and when our attention is drawn to the failure it becomes our duty to take notice of the same. The principle of *consensus tollit errorem* is only really applicable where a party is in a condition to consent or waive, as in cases where the suit is adversary and the whole issue is between the parties thereto. Here, if the appellant could have waived his own rights, the public did not, and it is a matter of public order or public policy that in the acquisition of a dominion title the due summons or citation should be made. The dominion title should be safeguarded.

The question of *res adjudicata* involved a case where the respondent had dismissed a previous application for a dominion title upon the property in question. The respondent then in dismissing the case announced that he was dismissing it for the time being. Hence there was no final action. The rule is that to constitute *res adjudicata* the judgment must be on the merits and not a voluntary dismissal. *Calaf et al. v. Calaf,* 17 P. R. R., 206, *et seq.;* 23 Cyc., 1528.

We do not discuss the second and third assignments of error because the judgment must be reversed by reason of

the first assignment of error and the case sent back to the District Court of Humacao for a new trial or for other proceedings not inconsistent with this opinion. We shall not close this opinion without making reference to the fact that the original petition presented in this proceeding was not prepared in accordance with section 395 of the Mortgage Law.

> *Reversed and remanded for a rehearing or further proceedings in accordance with this opinion.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.